JOHN BUCHANAN, State Bar No. 119584
**AMY GANTVOORT, State Bar No. 227294**
SCE LAW DEPARTMENT
2244 Walnut Grove Avenue
Rosemead, CA 91770
Tel:  (626) 302-3712
Fax: (626) 302-1910
Email: john.buchanan@sce.com
            amy.gantvoort@sce.com

Attorneys for Defendant
SOUTHERN CALIFORNIA EDISON COMPANY

## *UNITED STATES DISTRICT COURT*

## *SOUTHERN DISTRICT OF CALIFORNIA*

| | |
|---|---|
| GUILLERMO BELTRAN, LUIS JIMENEZ, FRANK ANICOCHE, JR., LOUIS DAWKINS, PAGANINI LOUISSAINT, JOSHUA BOLDEN, and RUDY DELAO, individuals, on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>         v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO.: **'21CV1995 MMAWVG**<br><br>**DEFENDANT SOUTHERN CALIFORNIA EDISON COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(a) (Federal Question); DECLARATION OF AMY M GANTVOORT IN SUPPORT OF SAME** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Southern California Edison Company ("Defendant" or "SCE") by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and

for the County of San Diego, to the United States District Court for the Southern District of California, for the reasons described below:

1. SCE is the sole defendant in a civil action pending against it in the Superior Court of the State of California in and for the County of San Diego, entitled <u>GUILLERMO BELTRAN, LUIS JIMENEZ, FRANK ANICOCHE, JR., LOUIS DAWKINS, PAGANINI LOUISSAINT, JOSHUA BOLDEN, and RUDY DELAO, individuals, on behalf of all others similarly situated, Plaintiffs, v. SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation; and DOES 1 through 20, inclusive</u>, Case No. 37-2021-00044411-CU-OE-CTL (the "Action"). A true and correct copy of the Complaint from that Action and the Register of Actions from the court's website is filed concurrently with the Declaration of Amy M. Gantvoort ("Gantvoort Decl.") as Exhibit A (<u>See</u> ¶ 2.)

2. Service of the Summons and Complaint in the Action was properly effectuated upon Defendant SCE on October 29, 2021, by personal delivery. A true and correct copy of the Summons from the Action is attached as Exhibit B. Gantvoort Decl., ¶ 3.

3. Defendant's Notice of Removal of this Action is timely. 28 U.S.C. § 1446(b); Gantvoort Decl., ¶ 3.

4. Defendant will proceed with timely filing its responsive pleading by way of a motion asserting defenses pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) in accordance with Fed. R. Civ. Pro. Rule 81(c)(2). Gantvoort Decl., ¶ 4.

## JURISDICTION

5. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and it is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) and the Federal Enclave Doctrine. This Action arises under federal law because the alleged actions and/or omissions of Defendant and the alleged injuries sustained by Plaintiffs Guillermo Beltran, Luis Jimenez, Frank Anicoche, Jr., Louis Dawkins, Paganini

Louissaint, Joshua Bolden, and Rudy Delao (collectively "Plaintiffs"), which gave rise to this Action, took place at the San Onofre Nuclear Generating Station ("SONGS"), or are otherwise related to Plaintiffs' employment by Inter-Con Security Systems, Inc. at SONGS.  See Exh A, at ¶¶ 3, 19, 20, Gantvoort Decl. ¶ 2.

6.  SONGS is indisputably located on federally-owned land (Camp Pendleton) and is thus a federal enclave.  See Cook v. Southern Cal. Edison, No. 12cv2241 WQH (JMA), 2013 WL 2896886, at *3 (S.D. Cal. June 11, 2013) ("SONGS is located within a federal enclave, acquired by the United States in 1941 when it established Camp Pendelton [sic].") (quoting Cooper v. S. Cal. Edison Co., 170 F. App'x 496, 497 (9th Cir. 2006) (unpublished) and citing Stiefel v. Bechtel Corp., 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007) (taking judicial notice of the fact that "SONGS is located within the federal enclave of Camp Pendleton, which was acquired by the federal government no later than December 31, 1942"); Snow v. Bechtel Constr., Inc., 647 F. Supp. 1514, 1521 (C.D. Cal. 1986) ("SONGS is indeed situated upon a federal enclave.").

7.  SONGS is thus subject to the exclusive jurisdiction of the United States, which presents a basis for federal question removal.  See U.S. Const., Art. 1, Section 8, Clause 17; Willis v. Craig, 555 F.2d 724, 726 & n.4 (9th Cir. 1977) (federal enclave supports federal jurisdiction); Swords to Plowshares v. Kemp, 423 F. Supp. 2d 1031, 1034-38 (N.D. Cal. 2005) (unlawful detainer action between private parties on federal enclave was removable to federal court); Cook, 2013 WL 2896886, at *1 (SONGS case removed from San Diego County Superior Court to Southern District of California); Snow, 647 F. Supp. at 1515 (SONGS case removed from Orange County Superior Court to Central District of California).

8.  Only federal law applies on a federal enclave, but preexisting state law not inconsistent with federal policy becomes federal law and is applicable.

<u>Paul v. United States</u>, 371 U.S. 245, 263-64 (1963). Certain state law claims asserted in this case under sections of the California Labor Code were recognized only *after* SONGS was deemed a federal enclave.

9.  Even if the Court does not have jurisdiction over all Plaintiffs' causes of action, this Court has supplemental jurisdiction over the remaining California claims pursuant to 28 U.S.C. § 1367. Plaintiffs' federal and California law claims arise out of the same events as the asserted claims arising under the Constitution or laws of the United States. To the extent this Court finds Plaintiffs' state law claims are separate and independent of their claims under the Constitution or the laws of the United States, this Court has jurisdiction with respect to such claims rooted in California law pursuant to 28 U.S.C. § 1441(c).

## NOTICE TO PLAINTIFFS AND STATE COURT

10.  Immediately following the filing of this Notice of Removal of Action, written notice of this filing will be served on Plaintiffs and will be filed with the Clerk of the Superior Court for the County of San Diego, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, the undersigned requests that the Action described above be removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. §§ 1331, 1367, and 1441, *et seq.*

DATED: November 29, 2021

Respectfully Submitted,

JOHN BUCHANAN
AMY M. GANTVOORT

By: /s/ *Amy M. Gantvoort*
Amy M. Gantvoort
Attorneys for Defendant
SOUTHERN CALIFORNIA EDISON COMPANY

## DECLARATION OF AMY M. GANTVOORT

I, Amy M. Gantvoort, declare:

1. I am an attorney licensed to practice in the State of California, admitted to practice before the United States District Court for the Southern District of California, and in good standing with all Courts before which I am admitted to practice. I am a Senior Attorney in the Law Department of Defendant SOUTHERN CALIFORNIA EDISON COMPANY. The following is based on my personal knowledge, and if called as a witness, I could and would testify competently thereto.

2. Attached as Exhibit A is a true and correct copy of Plaintiffs' Complaint and a copy of the Register of Actions in the case from the court's website.

3. Attached as Exhibit B is a true and correct copy of the Summons served upon Defendant Southern California Edison Company on October 29, 2021.

4. My office will proceed with timely filing Defendant's responsive pleading by way of a motion asserting defenses pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) in accordance with Fed. R. Civ. Pro. Rule 81(c)(2).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 29, 2021, at Pasadena, California.

/s/ *Amy M. Gantvoort*
Amy M. Gantvoort