# EXHIBIT A

1 **PIMENTEL LAW, P.C.**
Gabriel J. Pimentel, Esq. (SBN 265328)
2 GJP@PimentelLaw.com
Yesenia L. Rodriguez, Esq. (SBN 331499)
3 YLR@PimentelLaw.com
4 30 N. Raymond Avenue, Suite 211
Pasadena, CA 91103
5 Telephone: (626) 765-9800
Fax: (626) 628-3081
6

7 Attorneys for Plaintiffs,
GUILLERMO BELTRAN, et al.
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/15/2021** at 01:58:48 PM
Clerk of the Superior Court
By Tina Kydd,Deputy Clerk

9 **IN THE SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN DIEGO, NORTH DIVISION**
10

11 GUILLERMO BELTRAN, LUIS JIMENEZ,
FRANK ANICOCHE, JR., LOUIS DAWKINS,
12 PAGANINI LOUISSAINT, JOSHUA BOLDEN,
and RUDY DELAO, individuals, on behalf of all
13 others similarly situated,

14                                     Plaintiffs,

15             v.

16 SOUTHERN CALIFORNIA EDISON
COMPANY, a California corporation and DOES
17 1 through 20 inclusive,

18                                     Defendants.

19

20

21

22

23

Case No. 37-2021-00044411-CU-OE-NC

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Pay Overtime in Violation of Labor Code §§ 510 and 1198;

2. Failure to Indemnify for Necessary Expenditures in Violation of Labor Code § 2802;

3. Failure to Timely Pay Wages in Violation of Labor Code § 204;

4. Willful Failure to Pay Wages in Violation of Labor Code §§ 201-203;

5. Civil Penalties in Violation of Labor Code §§ 2698, et seq.

**Jury Trial Demanded**

24       1.       Plaintiffs GUILLERMO BELTRAN, LUIS JIMENEZ, FRANK ANICOCHE, JR.,
25 LOUIS DAWKINS, PAGANINI LOUISSAINT, JOSHUA BOLDEN, and RUDY DELAO, on behalf
26 of themselves and all others similarly situated, are informed and believe and thereon allege as follows:
27 PARTIES, VENUE AND JURISDICTION
28       2.       This Class Action is brought pursuant to Code of Civil Procedure § 382 to recover

1 wages and all other available relief on behalf of Plaintiffs and all similarly situated current and former
2 non-exempt, hourly-paid employees of Defendants.

3      3.      Plaintiffs GUILLERMO BELTRAN, LUIS JIMENEZ, FRANK ANICOCHE, JR.,
4 LOUIS DAWKINS, PAGANINI LOUISSAINT, JOSHUA BOLDEN, AND RUDY DELAO worked
5 as Armed Nuclear Security Officers for SOUTHERN CALIFORNIA EDISON COMPANY, and
6 DOES 1-20.

7      4.      Plaintiffs' job duties included observing and reporting, vehicle searches, personnel
8 searches, explosive detection monitoring, operating x-ray machines, operating metal detectors,
9 operating checks, monitoring cameras, patrol and door checks. Plaintiffs worked 12.5 hour shifts,
10 typically three days per week.

11      5.      Plaintiff GUILLERMO BELTRAN was at all times relevant hereto a resident of San
12 Jacinto, California and was employed for Defendants from March 27, 2017 to June 27, 2020.

13      6.      Plaintiff LUIS JIMENEZ was at all times relevant hereto a resident of Murrieta,
14 California and was employed for Defendants from April 8, 2018 to August 4, 2020.

15      7.      Plaintiff FRANK ANICOCHE, JR. was at all times relevant hereto a resident of Rancho
16 Santa Fe, California and was employed for Defendants from approximately March 2018 until August
17 11, 2020.

18      8.      Plaintiff LOUIS DAWKINS was at all times relevant hereto a resident of Murrieta,
19 California and was employed for Defendants from October 2015 to June 23, 2020.

20      9.      Plaintiff PAGANINI LOUISSAINT was at all times relevant hereto a resident of
21 Temecula, California and was employed for Defendants from April 16, 2018 to March 14, 2021.

22      10.     Plaintiff JOSHUA BOLDEN was at all times relevant hereto a resident of Roseville,
23 Michigan and was employed for Defendants from April 11, 2018 to August 26, 2020.

24      11.     Plaintiff RUDY DELAO was at all times relevant hereto a resident of Aliso Viejo,
25 California and was employed for Defendants from September 2017 to August 2020.

26      12.     At all relevant times herein, Defendant INTER-CON SECURITY SYSTEMS, INC.
27 was a  Corporation with its principal place of business in Pasadena, California.

28      13.     At all relevant times herein, Defendant ENRIQUE HERNANDEZ, JR. was the

1  principal of INTER-CON SECURITY SYSTEMS, INC.

2      14.    Venue is proper pursuant to California Civil Procedure Code §§ 395 (a) and 395.5

3  because this suit was filed in the county where the liability arises, where the breach occurred and where

4  Defendant resided at the commencement of this action.

5      15.    The true names and capacities, whether individual, corporate, associate, or otherwise,

6  of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiffs at this time and

7  therefore these Defendants are sued by such fictitious names. Plaintiffs will seek leave to amend this

8  Complaint to insert the true names and capacities of these Defendants when they become known to

9  Plaintiffs. Plaintiffs are informed and believe and based thereupon allege, that each of the fictitiously

10  named Defendants is responsible for the wrongful acts alleged herein and are therefore liable to

11  Plaintiffs as alleged hereinafter.

12      16.    Plaintiffs are informed and believe and based thereupon allege, that at all times relevant

13  hereto, Defendants were the agents, employees, managing agents, supervisors, coconspirators, parent

14  corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and

15  each of them, and in doing the things alleged herein, were acting at least in part within the course and

16  scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or

17  joint venture and with the permission and consent of each of the other Defendants.

18      17.    Plaintiffs are informed and believe and based thereupon allege, that Defendants,

19  including those defendants named as DOES 1-20 acted in concert with one another to commit the

20  wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the

21  wrongful acts alleged herein, and/or attempted to do so. Plaintiffs are further informed and believe,

22  and based thereupon allege, that Defendants, including those defendants named as DOES 1-20 formed

23  and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts

24  alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy,

25  intended to cause and actually causing Plaintiffs' harm.

26      18.    Whenever and wherever reference is made in this Complaint to any act or failure to act

27  by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

28  and/or failures to act by each Defendant acting individually, jointly and severally.

GENERAL ALLEGATIONS

19.     SOUTHERN CALIFORNIA EDISON COMPANY is one of the nation's largest electrical utilities employing thousands of employees throughout Southern California. At all relevant times herein, SOUTHERN CALIFORNIA EDISON COMPANY contracted with Inter-Con Security Systems, Inc. to provide security services at its San Onofre Nuclear Generating Station (SONGS) in Pendleton, California, which has been a permanently decommissioned nuclear generating station since June 7, 2013.

20.     SOUTHERN CALIFORNIA EDISON COMPANY employees conducted the training of Inter-Con Security Systems, Inc. Officers, assigned them their shifts and assigned them their daily duties. As such, it jointly employed Plaintiffs and class members who worked at the SONGS facility.

21.     In addition, SOUTHERN CALIFORNIA EDISON COMPANY employed its own direct hire nuclear Security Officers on site who worked amongst the Inter-Con Security Systems, Inc. Officers.

22.     Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and class members were not paid for all hours worked because all hours worked were not recorded.

23.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to receive certain wages for overtime compensation and that they were in fact not receiving certain wages for overtime compensation.

24.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of all wages earned upon termination of employment. In violation of the California Labor Code, Plaintiffs and class members did not receive payment of all wages due, including overtime wages, and meal and rest period premiums, within the time periods required by law.

25.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and class members were entitled to timely payment of wages during their employment. Plaintiffs and class members did not receive payment of all wages, including overtime wages in violation of the California Labor Code.

26.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

1   should have known that Plaintiffs and class members were entitled to receive full reimbursement for

2   all business-related expenses and costs they incurred in direct consequence of the discharge of their

3   duties and that they did not receive full reimbursement of applicable business-related expenses and

4   costs incurred.

5       27.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

6   mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and

7   class members for all hours worked, and that Defendants had the financial ability to pay such

8   compensation, but willfully, knowingly, and intentionally failed to do so.

9   CLASS ACTION ALLEGATIONS

10      28.    Plaintiffs' proposed Class consists of:

11             All persons who worked for Defendants as non-exempt, hourly-paid employees in

12             California, within four years prior to the filing of the initial complaint until the date of

13             trial ("Class").

14      29.    Plaintiffs' proposed subclass consists of:

15             All persons who worked for Defendants as non-exempt, hourly-paid employees at the

16             SONGS facility, within four years prior to the filing of the initial complaint until the

17             date of trial ("Class").

18      30.    Plaintiffs' proposed further subclass consists of:

19             All persons who worked for Defendants as non-exempt, hourly-paid employees in

20             California and who received at least one wage statement within one year prior to the

21             filing of the initial complaint until the date of trial ("Subclass").

22      31.    Members of the Class and Subclass are referred to herein as "Class."

23      32.    Plaintiffs reserve the right to redefine the Class and to add additional subclasses as

24   appropriate based on further investigation and discovery.

25      33.    At all relevant times, Defendants have had a common and consistent policy and practice

26   of failing to pay the proper overtime, reimburse for necessary business expenditures, and timely pay

27   wages in violation of the Labor Code and IWC Wage Orders.

28      34.    There is a well-defined community of interest in the litigation and the class members

1   are readily ascertainable:

2       35.    **Numerosity**: The members of the Class are sufficiently numerous that joinder of all

3   members is impracticable. The membership of the entire Class is unknown to Plaintiffs at this time.

4   However, the Class is estimated to be greater than 100 individuals and the identity of such

5   membership is readily ascertainable by inspection of Defendants' employment records.

6       36.    **Commonality**: There are questions of law and fact common to the Class that are

7   answerable on a common basis, and these questions predominate over individual questions. The

8   questions of law and fact common to the Class include, without limitation:

9       37.    Whether Defendants required Plaintiffs and class members to work over 8 hours per

10   day, over 12 hours per day, or over 40 hours per week and failed to pay them all legally required

11   overtime compensation;

12       38.    Whether Defendants failed to pay earned overtime wages due to Plaintiffs and class

13   members upon their discharge;

14       39.    Whether Defendants failed to timely pay overtime wages to Plaintiffs and class

15   members during their employment;

16       40.    Whether Defendants failed to reimburse Plaintiffs and class members for necessary

17   business expenditures, losses incurred by them in direct consequence of the discharge of their duties

18   or obedience to the directions of the employer; and

19       41.    The appropriate amount of damages, restitution, or monetary penalties resulting from

20   Defendants' violations of California law.

21       42.    **Typicality:** Plaintiffs' claims are typical of the claims of the Class they seek to

22   represent. As set forth herein, Defendants' common course of conduct causes Plaintiffs and similarly

23   situated persons employed by Defendants the same or similar injuries and damages. Plaintiffs' claims

24   are thereby representative of and co-extensive with the claims of the Class.

25       43.    **Adequacy**: Plaintiffs will fairly and adequately represent the interests of all members

26   of the Class they seek to represent. Plaintiffs are member of the Class they seek to represent, do not

27   have any conflicts of interest with the Class, will prosecute the case vigorously on behalf of the Class,

28   and have already devoted time and resources to the initial investigation of these claims. Plaintiffs'

1   attorney is competent and experienced in litigating employment actions, including wage and hour class

2   actions.

3       44.    **Superiority of Class Action**: A class action is superior to other available methods for

4   the fair and efficient adjudication of this controversy. In particular, Plaintiffs are informed and believe

5   that some Class Members may be unwilling to bring individual lawsuits for fear of retaliation by

6   Defendants. Because the damages suffered by certain individual members of the Class may be

7   relatively small, the expense and burden of individual litigation make it impracticable for Class

8   Members to pursue their claims separately. Each member of the Class has been damaged and is entitled

9   to recovery by reason of Defendants' illegal, fraudulent and unfair employment practices and policies.

10  Class action treatment will allow those similarly situated persons to litigate their claims in the manner

11  that is most efficient and economical for the parties and the judicial system. Class action treatment

12  will also avoid inconsistent outcomes because the same issues can be adjudicated in the same manner

13  for all members of the Class.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGE

### IN VIOLATION OF LABOR CODE §§ 510 and 1198

### (AGAINST ALL DEFENDANTS)

18      45.    Plaintiffs incorporate, by reference, all allegations in the foregoing paragraphs as

19  though fully set forth herein.

20      46.    Labor Code § 1198 makes it unlawful to employ an employee under conditions of labor

21  that are prohibited by the applicable wage order. California Labor Code § 1198 requires that "the

22  standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for

23  employees. The employment of any employee . . . under conditions of labor prohibited by the order

24  is unlawful."

25      47.    At all relevant times herein, Plaintiffs and class members were not paid for all overtime

26  hours worked. In many cases, they were paid only double time after the 12th hour worked in a workday

27  but were not paid time and a half for the time worked between the 8th and 12th hour of work. For

28  example, at the SONGS facility, if an employee started work on a Monday at 5:30 p.m. and worked a

12.5-hour shift that lasted until Tuesday 6:00 a.m., the employee would be paid for 12 hours at the regular rate and .5 hours at the double time rate. However, employees working these shifts should have been paid 8 hours at the regular rate, 4 hours at the overtime rate and .5 hours at the double time rate. Plaintiffs and class members would be paid overtime only if they worked more than 40 hours per week. Plaintiffs are informed and believe that Defendants engaged in the same conduct with respect to its other California employees who worked at facilities other than SONGS in violation of Lab. Code § 510.

48.     The applicable IWC Wage Order required Defendants to pay Plaintiffs and class members working more than 8 hours in a day or more than 40 hours in a workweek, at the rate of time and one-half for all hours worked in excess of 8 hours in a day or 40 hours in a workweek. The applicable IWC Wage Order further required Defendants to pay Plaintiffs and class members working more than 12 hours in a day, overtime compensation at a rate of 2 times their regular rate of pay, and 2 times their regular rate of pay for hours worked in excess of 8 hours on the seventh consecutive day of a work in a workweek.

49.     At all relevant times, Defendants willfully failed to pay all overtime wages owed to Plaintiffs and class members. At all relevant times, Plaintiffs and class members were not paid overtime premiums for all of the hours they worked in excess of 8 hours in a day, in excess of 12 hours in a day, and/or in excess of 40 hours in a week.

50.     Defendants' failure to pay Plaintiffs and class members the balance of overtime compensation, as required by California law, violates the provisions of California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiffs and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

51.     Labor Code §558 (a) requires that any person acting on behalf of an employer who violates, or causes to be violated, overtime rules pay a civil penalty in the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558 (a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount

1  sufficient to recover the underpaid wages.

2      52.    In addition to the above withheld overtime wages, Plaintiffs and the Class are entitled

3  to civil penalties based upon Defendants' underpayment of overtime wages. Defendants violated

4  Labor Code §558 on each of the past pay periods within the one-year preceding the filing of this

5  complaint, the first of which Defendants are penalized $50.00, and the remainder of which Defendants

6  are penalized $100.00 each, for a total due in Labor Code §558 penalties in an amount to be proven at

7  trial.

8  **SECOND CAUSE OF ACTION**

9  **FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES**

10  **IN VIOLATION OF LABOR CODE § 2802**

11  **(AGAINST ALL DEFENDANTS)**

12      53.    Plaintiffs incorporate, by reference, all allegations in the foregoing paragraphs as

13  though fully set forth herein.

14      54.    An employer shall indemnify his or her employee for all necessary expenditures or

15  losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his

16  or her obedience to the directions of the employer.

17      55.    At all times relevant herein, Class Members have been required by Defendants to

18  purchase work-related tools and equipment, and in fact did purchase work-related tools and equipment

19  in order to perform their duties.

20      56.    At all times relevant herein, Defendants have had a uniform practice and policy of

21  paying their employees less than twice the minimum wage in contravention of the applicable IWC

22  Wage Orders and California Labor Code §§ 1182, 1194, 1194.2, and 1197.

23      57.    Plaintiffs are informed and believe and thereon allege that, at all relevant times,

24  Defendants have maintained a policy, practice, or a lack of policy, which resulted in their failure to

25  indemnify the Class for the reasonable expenses they incurred in the course of performing their duties.

26  Specifically, Plaintiffs are informed and believe and thereon allege that at all relevant times,

27  Defendants have not reimbursed Class Members for the purchase of work-related tools and equipment.

28      58.    As a result of the foregoing, Class members are entitled to recover all sums incurred by

1  them for the purchase work-related tools and equipment that were necessary for the performance of

2  their jobs and which they were required to purchase in an amount according to proof at trial.

3      59.    As a result of the foregoing, Class members are further entitled to an award of interest

4  at the same rate as judgments in civil actions, accruing from the date on which they incurred the

5  necessary expenditures or loses and all reasonable costs, including attorney's fees incurred by them

6  for enforcing the rights granted by Labor Code § 2802.

7  **THIRD CAUSE OF ACTION**

8  **FAILURE TO TIMELY PAY WAGES**

9  **IN VIOLATION OF LABOR CODE § 204**

10      60.    Plaintiffs incorporate, by reference, all allegations in the foregoing paragraphs as

11  though fully set forth herein.

12      61.    "All wages … earned by any person in any employment are due and payable twice

13  during each calendar month, on days designated in advance by the employer as the regular paydays

14  … (d) The requirements of this section shall be deemed satisfied by the payment of wages for weekly,

15  biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following

16  the close of the payroll period." Labor Code § 204.

17      62.    "In addition to, and entirely independent and apart from, any other penalty provided in

18  this article, every person who fails to pay the wages of each employee as provided in Sections … 204

19  … shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars ($100) for

20  each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional

21  violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the

22  amount unlawfully withheld." Labor Code § 210.

23      63.    At all times relevant herein, Defendants engaged in a practice of failing to pay Plaintiffs

24  and the Class by the seventh calendar day following the close of the payroll period. Indeed, as

25  discussed above, Plaintiffs and the Class are owed wages for unpaid overtime, meal periods, rest

26  periods and unreimbursed business expenses. At no time during their employment were these

27  outstanding sums ever paid to them. Instead, these outstanding sums continued to accumulate every

28  pay period. Therefore, Plaintiffs and the Class were not paid <u>all</u> wages earned by the seventh calendar

1    day following the close of their pay periods.

2        64.    As a direct and proximate result of Defendants' failure to timely pay wages, Plaintiffs

3    and the Class are entitled to penalties under Labor Code § 210 in an amount subject to proof at trial.

4                              **FOURTH CAUSE OF ACTION**

5                          **WILLFUL FAILURE TO PAY WAGES**

6                    **IN VIOLATION OF LABOR CODE §§ 201-203**

7        65.    Plaintiffs incorporate, by reference, all allegations in the foregoing paragraphs as

8    though fully set forth herein.

9        66.    "If an employer discharges an employee, the wages earned and unpaid at the time of

10   discharge are due and payable immediately." Labor Code § 201.

11       67.    "If an employee not having a written contract for a definite period quits his or her

12   employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless

13   the employee has given 72 hours previous notice of his or her intention to quit, in which case the

14   employee is entitled to his or her wages at the time of quitting." Labor Code § 202.

15       68.    "If an employer willfully fails to pay any wages of an employee who is discharged or

16   who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same

17   rate until paid or until an action therefor is commenced." Labor Code § 203.

18       69.    Plaintiffs and the Class were not exempt from the requirements of Labor Code §§ 201-

19   203.

20       70.    At no time since Plaintiffs' or the Class's separation of employment did Defendants pay

21   them wait-time penalties as required by Labor Code § 203.

22       71.    As a direct and proximate result of Defendants' willful failure to pay Plaintiffs' and the

23   Class's wages upon their separation of employment, Plaintiffs and the Class incurred wait-time

24   penalties in an amount equal to their daily rate of pay over the period that the wages were not paid in

25   an amount subject to proof at trial.

26

27

28

# FIFTH CAUSE OF ACTION

## CIVIL PENALTIES IN VIOLATION OF

## LABOR CODE § 2699, ET SEQ.

## (AGAINST ALL DEFENDANTS)

72.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs as though fully set forth herein.

73.     Under Labor Code §2698, et seq., Plaintiff, as a aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking civil penalties for defendants' violations of the California Labor Code.

74.     Plaintiff was an aggrieved employee within the meaning of Labor Code §2698, et seq. by virtue of the numerous Labor Code violations she was subjected to as plead herein.

75.     Defendants also subjected the aggrieved employees on whose behalf Plaintiff brings this enforcement action to all of the Labor Code violations plead herein, including, failing to pay overtime in violation Labor Code §§ 510 and 1198, failure to reimburse business expenditures in violation of Labor Code § 2802, failure to timely pay wages in violation of Labor Code § 204 and willful failure to pay wages in violation of Labor Code § 201-203.

76.     On March 22, 2021 Plaintiff provided written notice by online filing with the Labor and Workforce Development Agency and by certified mail to Defendant of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation, as required by Labor Code § 2699.3 (a) (1) (A).

77.     As of the filing of this Complaint, Plaintiff has received no notice from the Labor and Workforce Development Agency of its intent to pursue an action against Defendants.

78.     As a direct and proximate result of Defendants' California Labor Code violations as set forth herein, Plaintiff is entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699 (f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty.

79.     Plaintiff is also entitled to reasonable attorney's fees and costs, and 25% of the recovered civil penalties.

## **PRAYER FOR RELIEF**

Plaintiffs and the Class pray for relief and judgment against Defendants as follows:

1.      For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of $25,000, exclusive of interest and costs.

### **Class Certification**

2.      That this case be certified as a class action;

3.      That Plaintiffs be appointed as the representative of the Class and Subclass;

4.      That counsel for Plaintiffs be appointed as class counsel.

### **As to the First Cause of Action**

### **(Unpaid Overtime)**

5.      That the Court adjudge, declare and decree that Defendants violated Labor Code §§ 510 and 1198, applicable IWC Wage Orders and Codes of Regulation by willfully failing to pay overtime wages to Plaintiffs and class members;

6.      For payment of unpaid overtime wages in an amount subject to proof;

7.      For prejudgment interest at the legal rate from the date the obligation became due through the date of judgment in this matter;

8.      For all reasonable costs and attorney's fees incurred by Plaintiffs' and the Class's enforcement of the rights granted by Labor Code §§ 510 and 1198 pursuant to Labor Code § 1194 (a); and

9.      For such other relief that the Court deems just and appropriate.

### **As to the Second Cause of Action**

### **(Unreimbursed Business Expenses)**

10.     That the Court adjudge, declare and decree that Defendants violated Labor Code § 2802 by willfully failing to reimburse business expenses incurred by Plaintiffs and the Class;

11.     For unreimbursed business expenses and for all actual, consequential, and incidental losses and damages, according to proof;

12.     For interest at the same rate as judgments in civil actions, accruing from the date on which Plaintiffs and the Class incurred the necessary expenditures pursuant to Labor Code § 2802;

13.     For all reasonable costs and attorney's fees incurred by Plaintiffs' and the Class's enforcement of the rights granted by Labor Code § 2802 pursuant to Labor Code § 2802 (c); and

14.     For such other relief that the Court deems just and appropriate.

### As to the Third Cause of Action

### (Failure to Timely Pay Wages)

15.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 204, applicable IWC Wage Orders and Codes of Regulation by willfully failing to timely pay wages to Plaintiffs and class members;

16.     For penalties pursuant to Labor Code § 210, plus 25 percent of amounts unlawfully withheld from Plaintiffs and class members;

17.     For all actual, consequential, and incidental losses and damages, according to proof;

18.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

19.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

20.     For such other relief that the Court deems just and appropriate.

### As to the Fourth Cause of Action

### (Willful Failure to Pay Wages)

21.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code § 201-203, applicable IWC Wage Orders and Codes of Regulation by willfully failing to pay minimum wages, overtime wages, and meal and rest premiums owed to Plaintiffs and class members either upon discharge or within 72 hours of their resignation;

22.     For wait time penalties pursuant to Labor Code § 203;

23.     For all actual, consequential, and incidental losses and damages, according to proof;

24.     For pre-judgment interest on any unpaid wages from the date such amounts were due, or as otherwise provided by law;

25. For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

26. For such other relief that the Court deems just and appropriate.

**As to the Fifth Cause of Action**

**(Civil Penalties under the PAGA)**

27. That the Court declare, adjudge, and decree that Defendants violated all California Labor Code sections plead herein, including Labor Code §§ 201-204, 510, 1194, and 2802;

28. For civil penalties pursuant to 210, 226.3, 256, 558, 1174.5, 2699 (a) and/or 2699 (a), (f) and (g), for violations of all California Labor Code sections plead herein, including Labor Code §§ 201-204, 510, 1194, and 2802;

29. For attorneys' fees and costs pursuant to California Labor Code § 2699 (g) (1), and any and all other relevant statutes, for Defendants' violations of all California Labor Code sections plead herein, including Labor Code §§ 201-204, 510, 1194, and 2802;

30. For pre-judgment and post-judgment interest as provided by law; and

31. For such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs and the Class hereby demand a trial by jury on all issues.

PIMENTEL LAW, P.C.

Dated: October 15, 2021                    By: _____
                                                        Gabriel J. Pimentel, Esq.
                                                        Yesenia L. Rodriguez, Esq.
                                                        Attorneys for the Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | |
|---|---|
| Yesenia L. Rodriguez, Esq. (SBN: 331499)<br>Pimentel Law, P.C.<br>30 N. Raymond Avenue, Suite 211<br>Pasadena, CA 91103 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
| TELEPHONE NO.: (626) 765-9800   FAX NO.: (626) 628-3081 | **10/15/2021** at 01:58:48 PM |
| ATTORNEY FOR *(Name):* Guillermo Beltran, et al. | Clerk of the Superior Court<br>By Tina Kydd,Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS: 325 South Melrose Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Vista CA 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Guillermo Beltran, et al. v. Southern California Edison Company

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited**  ☐ **Limited** | ☐ **Counter**  ☐ **Joinder** | 37-2021-00044411-CU-OE-NC |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | Judge Blaine K. Bowman |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*  five
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/15/2021
Yesenia L. Rodriguez, Esq.
_____
(TYPE OR PRINT NAME)                                       ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2021-00044411-CU-OE-NC | Filing Date: | 10/15/2021 |
| Case Title: | Beltran vs Southern California Edison Company [IMAGED] | Case Age: | 44 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Blaine K. Bowman |
| Case Type: | Other employment | Department: | N-31 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 03/25/2022 | 09:00 AM | N-31 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| Anicoche Jr, Frank | Plaintiff | Rodriguez, Yesenia L |
| Beltran, Guillermo | Plaintiff | Rodriguez, Yesenia L |
| Bolden, Joshua | Plaintiff | Rodriguez, Yesenia L |
| Dawkins, Louis | Plaintiff | Rodriguez, Yesenia L |
| Delao, Rudy | Plaintiff | Rodriguez, Yesenia L |
| Jimenez, Luis | Plaintiff | Rodriguez, Yesenia L |
| Louissaint, Paganini | Plaintiff | Rodriguez, Yesenia L |
| Southern California Edison Company | Defendant | |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| RODRIGUEZ, YESENIA L | PIMENTEL LAW PC 30 N Raymond Avenue 211 Pasadena CA 91103 | (626) 765-9800 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 10/15/2021 | Complaint filed by Beltran, Guillermo; Jimenez, Luis; Anicoche, Frank Jr; Dawkins, Louis; Louissaint, Paganini; Bolden, Joshua; Delao, Rudy. Refers to: Southern California Edison Company | Beltran, Guillermo (Plaintiff); Jimenez, Luis (Plaintiff); Anicoche, Frank Jr (Plaintiff); Dawkins, Louis (Plaintiff); Louissaint, Paganini (Plaintiff) |
| 2 | 10/15/2021 | Civil Case Cover Sheet filed by Beltran, Guillermo; Jimenez, Luis; Anicoche, Frank Jr; Dawkins, Louis; Louissaint, Paganini; Bolden, Joshua; Delao, Rudy. Refers to: Southern California Edison Company | Beltran, Guillermo (Plaintiff); Jimenez, Luis (Plaintiff); Anicoche, Frank Jr (Plaintiff); Dawkins, Louis (Plaintiff); Louissaint, Paganini (Plaintiff) |
| 3 | 10/15/2021 | Original Summons filed by Beltran, Guillermo; Jimenez, Luis; Anicoche, Frank Jr; Dawkins, Louis; Louissaint, Paganini; Bolden, Joshua; Delao, Rudy. Refers to: Southern California Edison Company | Beltran, Guillermo (Plaintiff); Jimenez, Luis (Plaintiff); Anicoche, Frank Jr (Plaintiff); Dawkins, Louis (Plaintiff); Louissaint, Paganini (Plaintiff) |
| 4 | 10/15/2021 | Case assigned to Judicial Officer Bowman, Blaine. | |
| 5 | 10/20/2021 | Civil Case Management Conference scheduled for 03/25/2022 at 09:00:00 AM at North County in N-31 Blaine K. Bowman. | |
| 6 | 10/20/2021 | Notice of Case Assignment SD generated. | |
| 7 | 10/20/2021 | Stipulation to Alternative Dispute Resolution Process SD generated. | |
| 8 | 10/20/2021 | Notice of Complex Case Designation SD generated. | |
| 9 | 10/20/2021 | Notice of Complex Case Designation SD generated. | |
| 10 | 10/20/2021 | Notice to Litigants SD generated. | |
| 11 | 10/20/2021 | Notice to Litigants SD generated. | |

| 12 | 11/02/2021 | Proof of Service of 10-day Summons & Complaint - Substitute filed by Beltran, Guillermo; Jimenez, Luis; Anicoche, Frank Jr; Dawkins, Louis; Louissaint, Paganini; Bolden, Joshua; Delao, Rudy.<br>Refers to: Southern California Edison Company | Beltran, Guillermo (Plaintiff); Jimenez, Luis (Plaintiff); Anicoche, Frank Jr (Plaintiff); Dawkins, Louis (Plaintiff); Louissaint, Paganini (Plaintiff) |

# EXHIBIT B

EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>SOUTHERN CALIFORNIA EDISON COMPANY, a California corporation and DOES 1 through 20 inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>GUILLERMO BELTRAN, LUIS JIMENEZ, FRANK ANICOCHE, JR., LOUIS DAWKINS, PAGANINI LOUISSAINT, JOSHUA BOLDEN, and RUDY DELAO, individuals, on behalf of all others similarly situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/15/2021** at 01:59:49 PM<br><br>Clerk of the Superior Court<br>By Tina Kydd,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Superior Court, County of San Diego<br>*(El nombre y dirección de la corte es):*<br>325 South Melrose Ave.<br>Vista, CA 91103 | **CASE NUMBER:**<br>*(Número)*<br>37-2021-00044411-CU-OE-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yesenia L. Rodriguez, Esq. (SBN: 331499)     (626) 765-9800
Pimentel Law, P.C., 30 N. Raymond Avenue, Suite 211, Pasadena, CA 91103

| DATE: 10/20/2021<br>*(Fecha)* | Clerk, by _T. Kydd_____ , Deputy<br>*(Secretario)* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Southern California Edison Company, a California Corporation.
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/29/21

Page 1 of 1

REC'D 10.29.21
TIME 1:05:09
BY SCE guard

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 2244 Walnut Grove Avenue, Rosemead, California 91770.  On November 29, 2021, I served the documents listed below on the parties in this action as follows:

DOCUMENT(S) SERVED:     **REMOVAL TO FEDERAL COURT**

SERVED UPON:            Gabriel J. Pimentel, Esq.
                        Yesenia L. Rodriguez, Esq.
                        30 N. Raymond Avenue, Suite 211
                        Pasadena, CA 91103
                        Tel: (626) 765-9800

☑   (BY MAIL)  I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Rosemead, California, following the ordinary business practices of my place of business.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service.  Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

☐   (BY CM/ECF NOTICE OF ELECTRONIC FILING)  I electronically filed the document(s) with the Clerk of Court by using the *CM/ECF* system.  Participants in the case who are registered *CM/ECF* users will be served by the *CM/ECF* system.  Participants in the case who are not registered users will be served by mail or by other means permitted by the court rules.

☑   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on November 29, 2021at Rosemead, California.

*Lydia Retana*
LYDIA RETANA

---